IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE RUIZ, on behalf of himself and other persons similarly situated, | ) CIVIL ACTION NO.<br>)<br>) |
| *Plaintiff*, | ) JUDGE |
| v. | )<br>) |
| MASSE CONTRACTING, INC. and BOLLINGER SHIPYARDS, L.L.C., | ) MAG. JUDGE<br>)<br>) |
| *Defendants*. | ) |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Jose Ruiz, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Masse Contracting, Inc. and Bollinger Shipyards, L.L.C.

**NATURE OF THE ACTION**

1. This is an action by Jose Ruiz ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a pipefitter by Defendants Masse Contracting, Inc. and Bollinger Shipyards, L.L.C. ("Defendants"). While working for Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because Defendants' principal places of business are located in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Jose Ruiz

5. Plaintiff is a resident of Morgan City, Louisiana.

6. Plaintiff was hired by Masse Contracting, Inc. in 2015 and worked for Defendants for approximately three years.

7. Plaintiff worked for Defendants as a pipefitter at Bollinger Shipyards, L.L.C.'s location in Amelia, Louisiana. Plaintiff worked alongside at least 200 other laborers at the shipyard in Amelia, Louisiana.

8. Defendants hired Plaintiff to work as a pipefitter. In connection therewith, Plaintiff repaired and fabricated mechanical piping systems.

9. Defendants paid Plaintiff a regular rate of $13.00 per hour, an overtime rate of $19.50 per hour, and a $70.00 daily per diem. Plaintiff only received the $70.00 daily per diem if he worked at least five hours in a particular work day.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendant Masse Contracting, Inc.**

11. Defendant Masse Contracting, Inc. ("Masse") is a domestic corporation organized under the laws of Louisiana with its principal place of business in Lockport, Louisiana.

12. Masse is in the business of providing skilled labor for companies in the marine construction and repair industry, including companies located in Louisiana, Texas, Mississippi, Alabama, Florida, New Jersey, New York, Rhode Island, and North Carolina.

13. Masse supervised the day to day work activities of Plaintiff.

14. Masse determined Plaintiff's work schedule for the employment at issue herein.

15. Masse maintains an employment file for Plaintiff.

16. Masse is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. Masse is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

18. Upon information and belief, Masse has an annual dollar volume of sales or business done of at least $500,000.

**Defendant Bollinger Shipyards, L.L.C.**

19. Defendant Bollinger Shipyards, L.L.C. ("Bollinger") is a limited liability company organized under the laws of Louisiana with its principal place of business in Lockport, Louisiana.

20. Bollinger is in the business of providing maritime construction, boat repair and conversion products and services to both the U.S. Military and the commercial marine industry in

the U.S. Gulf of Mexico region. Bollinger has shipyards in various cities in Louisiana, including Lockport, Amelia, Algiers, Fourchon, Larose, Morgan City.

21. Bollinger supervised the day to day work activities of Plaintiff.

22. Bollinger determined Plaintiff's work schedule for the employment at issue herein.

23. Bollinger maintains an employment file for Plaintiff.

24. Bollinger is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

25. Bollinger is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

26. Upon information and belief, Bollinger has an annual dollar volume of sales or business done of at least $500,000.

## FACTUAL ALLEGATIONS

27. Defendant Masse is a labor subcontractor who provides skilled labor for marine and industrial companies. Defendant Bollinger contracts with third-party labor-brokers, including Masse herein, to obtain a workforce to staff Bollinger shipyards. Bollinger then supervises and controls those workers as *de facto* employees, and the respective labor brokers provide little, if any, supervision or operative control over the workers.

28. Bollinger's practice of using labor brokers to avoid paying the proper overtime wages is especially pernicious and wide-spread in the marine construction industry.[1] Masse has

---

[1] *See* U.S. Department of Labor, *Federal Enforcement Effort Finds More Than 3,000 Gulf Coast Workers Owed Nearly $3.5 Million In Back Wages By Staffing Agencies,* https://www.dol.gov/newsroom/releases/whd/whd20150872 (last accessed May 22, 2018).

been investigated by the Department of Labor and had to pay back wages to employees as a result of its improper characterization of regular wages as per diems.[2]

29. Bollinger employs at least 200 workers at its shipyard in Amelia, Louisiana. Approximately fifty of these workers were hired by Masse, with the remainder of the workers obtained through other labor subcontractors.

30. Masse employs workers at shipyards throughout the United States and subjects its employees to a policy of improperly characterizing regular wages as per diems.

31. Masse paid Plaintiff by check bearing the name "Masse Contracting, Inc."

32. Plaintiff normally worked more than forty hours a week for Defendants. On average, Plaintiff worked at least sixty-seven hours per week. Defendants often required Plaintiff to work at least seven days per week.

33. Plaintiff did not incur any expenses in the furtherance of Defendants' interests during his employment that were properly reimbursable by the Defendants. *See* 29 U.S.C. § 207(e)(2).

34. Plaintiff did not receive the $70.00 daily per diem unless he worked at least five hours on a particular work day.

35. Defendants did not include the $70.00 daily per diem paid to Plaintiff in the calculation of Plaintiff's overtime premium pay.

36. Defendants' employees, including Plaintiff herein, regularly handle goods that are moving or have moved in interstate commerce and/or perform duties which are closely related and directly essential to such interstate activities.

---

[2] *Id.*

37.     Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

38.     Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate and an additional daily per diem for work performed.

39.     Defendants did not include all remuneration paid to Plaintiff and other similarly situated employees in the calculation of the overtime rate of pay for Plaintiff and other similarly situated employees.

40.     When the named Plaintiff and other similarly situated employees worked for Defendants, they did not incur any expenses in the furtherance of Defendants' interests during their employment that were properly reimbursable by the Defendant and excludable from remuneration for employment.

## COUNT I
### Fair Labor Standards Act – Amelia Overtime Class

41.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

42.     Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "Amelia Overtime Class," consisting of all current and former employees of Defendants at the Bollinger Shipyard in Amelia, Louisiana, who are or have been employed by Bollinger, either through Masse or another labor subcontractor, during the three years immediately preceding the filing of this suit as hourly employees and who, during that period, received daily per diem payments and worked in excess of forty hours in any

6

work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

43. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(e) by not including all remuneration paid to Plaintiff and other similarly situated employees in the calculation of their overtime rate of pay.

44. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Fair Labor Standards Act – Masse Overtime Class

45. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

46. Plaintiff brings the claims set forth in Count II, alleging violations of the FLSA, as a putative collective action on behalf of himself and a "Masse Overtime Class," consisting of all current and former employees of Masse who are or have been employed by Masse during the three years immediately preceding the filing of this suit as hourly employees and who, during that period, received daily per diem payments and worked in excess of forty hours in any work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

47. Masse willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(e) by not including all remuneration paid to Plaintiff and other similarly situated employees in the calculation of their overtime rate of pay.

48. As a consequence of Masse's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the Amelia Overtime Class and Masse Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Emily A. Westermeier*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*Attorneys for Plaintiff*