# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE RUIZ, on behalf of himself and other persons similarly situated, | CIVIL ACTION NO. 18-5721 |
| VERSUS | SECTION "H"<br>JUDGE JANE TRICHE MILAZZO |
| MASSE CONTRACTING, INC. and BOLLINGER SHIPYARDS, L.L.C. | MAG. DIV. (2)<br>MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B) AND ALTERNATIVELY, RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT**

**MAY IT PLEASE THE COURT:**

Defendants, Masse Contracting, Inc. ("Masse") and Bollinger Shipyards, L.L.C. ("Bollinger") (collectively, "Defendants"), appear to submit this memorandum in support of their Motion to Dismiss Plaintiff's Collective Action Complaint Jury Trial Demanded ("Complaint"). R. Doc. 1.[1]   Alternatively, Defendants pray this Court would order Plaintiff to file a more definite statement of these claims.

Plaintiff would have the court conclude per diem payments are *per se* illegal.  But vague and conclusory allegations about Fair Labor Standards Act ("FLSA") violations do not state a claim for relief.  Beyond his unsupported conclusions, Plaintiff does not identify specific facts to prove a FLSA violation actually occurred with respect to per diem pay – a compensation method that is expressly permitted by law.  Plaintiff also fails to allege how two proposed putative classes that include different geographical areas, employers, supervisors and (presumably) time periods, can possibly be sufficiently similarly situated to withstand Rule 12 scrutiny.  Indeed,

---

[1] Defendants reserve all rights, motions, objections, privileges, defenses and expectations.

Plaintiff alleges that 200 employees are at issue, but concedes 150 of these employees worked for other employers.  Further, Plaintiff fails to allege the existence of any employer-employee relationship between him and Bollinger besides reciting a boilerplate listing of legal elements. Finally, despite claiming FLSA violations were possibly committed by various labor subcontractors with whom he was employed, Plaintiff failed to comply with FRCP 19 because he did not identify (nor join) these necessary parties.  For these reasons, Defendants' Motion to Dismiss should be granted.  Alternatively, Defendants pray the Court would order Plaintiff to file a more definite statement of his claims.

## I.       FACTS AS ALLEGED IN THE COMPLAINT

This case concerns per diem payments Plaintiff concludes were not properly included in his overtime pay.  *See generally* R. Doc. 1.  Plaintiff alleges he was paid a "regular rate of $13.00 per hour, an overtime rate of $19.50 per hour, and a $70.00 daily per diem," but that he "only received the $70.00 per diem if he worked at least five hours in a particular work day."  *Id.* at ¶ 9.  He also alleges he "normally worked more than forty hours a week for Defendants" and "[o]n average, Plaintiff worked at least sixty-seven hours per week . . . at least seven days per week." *Id.* at ¶ 32.  According to Plaintiff, he "did not incur any expenses in furtherance of Defendants' interests during his employment that were properly reimbursable by the Defendants. *See* 29 U.S.C. § 207(e)(2)."  *Id.* at ¶ 33.  Plaintiff also alleges per diem was not included "in the calculation of Plaintiff's overtime premium pay."  *Id.* at ¶ 34-5.

Plaintiff sued Masse and Bollinger on June 7, 2018, alleging Defendants failed to pay Plaintiff and other similarly situated individuals overtime wages under the Fair Labor Standards Act (the "FLSA").  R. Doc. 1 at ¶¶ 1, 2.  Plaintiff alleges since 2015, he worked for Defendants as a pipefitter at a shipyard owned by Bollinger located in Amelia, Louisiana "alongside at least

2

200 other laborers at the shipyard." *Id*. at ¶¶ 6-8.   Plaintiff alleges "Masse is a labor subcontractor who provides skilled labor for marine and industrial companies" and "Bollinger contracts with third-party labor-brokers, including Masse . . . to obtain workforce to staff Bollinger shipyards." *Id*. at ¶ 27.   Plaintiff alleges "[a]t all relevant times, Plaintiff and the members of the proposed Plaintiff Class were 'employees' of Defendants as that term is defined in FLSA, 29 U.S.C. § 203(e)." *Id*. at ¶ 10.   But Plaintiff also concedes "Bollinger employs at least 200 workers at its shipyard in Amelia, Louisiana.   Approximately fifty of these workers were hired by Masse, with the remainder of the workers obtained through other labor subcontractors." *See* R. Doc. 1 at ¶ 29.

With respect to Bollinger, Plaintiff alleges Bollinger has a "practice of using labor brokers to avoid paying the proper overtime wages," and "supervised the day to day work activities of Plaintiff," "determined Plaintiff's work schedule for the employment at issue herein," "maintains an employment file for Plaintiff," and "is an 'employer' within the meaning of FLSA, 29 U.S.C. § 203(d)." *Id*. at ¶¶ 21-23, 25, 28.   Plaintiff further alleges "Bollinger employs at least 200 workers at its shipyard in Amelia, Louisiana, approximately fifty of these workers were hired by Masse, with the remainder of the workers obtained through other labor subcontractors." *Id*. at ¶ 29.

As to Masse, Plaintiff alleges he was hired by Masse, that Masse "supervised the day to day work activities of Plaintiff," "determined Plaintiff's work scheduled for the employment at issue herein," "maintains an employment file for Plaintiff," and "is an 'employer' within the meaning of the FLSA, 29 U.S.C. § 203(d)." *Id*. at ¶¶ 6, 12-15, 17.   Plaintiff alleges Masse pays him with checks bearing its company name. *Id*. at ¶ 31.   Plaintiff also alleges "Masse employs

3

workers at shipyards throughout the United States and subjects its employees to a policy of improperly characterizing regular wages as per diems." *Id*. at ¶ 30.

Ultimately, Plaintiff concludes "Defendants did not include all remuneration paid to Plaintiff and other similarly situated employees in the calculation of the overtime rate of pay for Plaintiff and other similarly situated employees." *Id*. at ¶ 39. Plaintiff then proposed two different putative classes, which Plaintiff claims are due compensation:

- **Count I**: The "Amelia Overtime Class" "consisting of all current and former employees of Defendants at the Bollinger Shipyard in Amelia, Louisiana, who are or have been employed by Bollinger, either through Masse or another labor subcontractor, during the three years immediately preceding the filing of this suit as hourly employees and who, during that period, received daily per diem payments and worked in excess of forty hours in any work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek." *Id*. at ¶ 42; and

- **Count II**: The "Masse Overtime Class" "consisting of all current and former employees of Masse who are or have been employed by Masse during the three years immediately preceding the filing of this suit as hourly employees and who, during that period, received daily per diem payments and worked in excess of forty hours in any work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek." *Id*. at ¶ 46.

These allegations fail to state a cause of action individually or on behalf of other similarly situated employees and should be dismissed.

## II.     STANDARD OF REVIEW

### A.     Rule 12(b)(6) Motion to Dismiss

A court should not maintain a complaint that fails to set forth a plausible basis concerning all material elements necessary to sustain recovery under some viable legal theory. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 697 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level.  The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  Instead, to defeat a 12(b)(6) motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).  "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Id*.

The key issue is whether Plaintiff's conclusions about per diem pay indicate Plaintiff is actually "entitled to offer evidence to support [his] claim."  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  To survive at this juncture, Plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  But even if the allegations in the Complaint were accepted as true for the purposes of this motion, Plaintiff has not stated a claim upon which relief can be granted because the only inference that can be drawn from the allegations is that Plaintiff believed per diem compensation should have been included in his overtime pay.  Without facts to cure the speculative nature of this conclusion, all claims set forth in the Complaint should be dismissed.

### B.      Rule 12(b)(7) Motion to Dismiss

Rule 19 requires joinder of all parties whose presence is required for the "fair and complete resolution of the dispute at issue."  *See* Fed. R. Civ. P. 19; *Pulitzer-Polster v. Pulitzer*,

784 F.2d 1305, 1308 (5th Cir. 1986) (stating that "[t]he federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of.  In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder.").  Rule 19 defines a "required" party as one without whom complete relief cannot be granted, or should the adjudication of the dispute proceed without said party, it will prejudice that person, or the interests of parties before the Court.  Courts are encouraged to address Rule 19 in a pragmatic fashion, and should freely consider the harms that the parties and absentees might suffer.  *See Pulitzer*, 784 F.2d at 1308-09; *see also Broussard v. Columbia Gulf Transmission Co*., 398 F.2d 885, 888 (5th Cir. 1968) (citing *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968)).  In this case, Plaintiff claims the putative class members were employed by other entities who allegedly violated per diem regulations, but has not yet joined those entities as parties to this case.  Because fair resolution likely cannot be achieved without all interested parties who allegedly should bear liability, Defendants' Rule 12(b)(7) Motion to Dismiss should be granted.

### C.   Rule 12(e) Motion for More Definite Statement

Alternatively, when "a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."  *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  A Rule 12(e) motion may also be granted "if a pleading fails to specify the allegations in a manner that provides sufficient notice."  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Because the Complaint contains numerous conclusory allegations that are not supported with sufficient facts, Defendants are actually "expected to move the court, pursuant to Rule

6

12(e), to require the Plaintiff to file a more definite statement." *Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).[2]  In accordance with this legal standard, Defendants pray, in the alternative, that the Court would order Plaintiff to file a more definite statement of: (1) how Defendants' alleged practice of making per diem violates the FLSA, (2) the facts that establish Bollinger's status as an employer, and (3) how members of the two proposed putative class are similarly situated.

## III.    LEGAL ANALYSIS

### A.    Plaintiff Failed To Meet The General FLSA Pleading Requirements

Plaintiff's allegations do not adequately meet the pleading requirements to state a FLSA claim.  Section 206(a) of the FLSA generally requires employers to pay employees a minimum wage of $7.25 an hour, and Section 207(a) of the FLSA generally requires employers to provide non-exempt employees who work more than forty hours per week with overtime pay at a rate of one and a half times an employee's "regular rate."  29 U.S.C. §§ 206, 209.  A plaintiff alleging a violation of the FLSA's overtime and minimum wage requirements must allege with sufficient factual specificity: (1) that there existed an employer-employee relationship during the unpaid overtime and minimum wage periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime and minimum

---

[2] Courts in this district consistently grant Rule 12(e) motions to ensure that a defendant has fair notice of a plaintiff's claim(s) against it.  *See Bethea v. St. Paul Guardian Ins. Co.*, No. 02-1444 2002 WL 31697714 (E.D. La. Oct. 20, 2002); *Johnson v. Danzig*, No. 00-2369 2001 WL 562080, at *3 (E.D. La. May 22, 2001).  A court may dismiss the complaint with leave to amend or order the plaintiff to provide claims and factual allegations within a specified period of time.  *See Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221558, at *4 (E.D. La. Jan. 27, 2005).  Dismissal with prejudice is appropriate if a plaintiff does not provide a more definite statement that complies with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement" of plaintiff's claims.  *See e.g., Matthews v. Social Security of La*., No. 01-2267 2002 WL 1022267, at *2 (E.D. La. May 20, 2002); *Frito-Lay, Inc. v. WAPCO Constructors, Inc.*, 520 F.Supp. 186, 188 (M.D. La. 1981).  The Fifth Circuit has affirmed dismissals of complaints when plaintiffs have failed to provide more definite statements of claims.  *See Beanal*, 197 F.3d at 164.

wage requirements; and (4) the amount of overtime or minimum wage compensation due.  *See Mejia v. Brothers Petroleum, LLC*, 2015 WL 3619894 (E.D. La. June 9, 2015); *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627 (5th Cir. 2014).  As explained more fully herein, Plaintiff failed to meet this pleading standard.

### B.    Plaintiff Has Not Adequately Pleaded a Specific FLSA Overtime Violation.

      *i.    Per diem payments are permissible and Plaintiff has not asserted facts to show Defendants violated the FLSA by paying per diem.*

Plaintiff's allegations do not show FLSA per diem regulations were actually violated in this case.   Plaintiff vaguely alleges Defendants had a policy of paying per diem for reimbursement of expenses and failed to include the per diem in his regular rate of pay for the purposes of calculating overtime pay.  R. Doc. 1 at ¶¶ 9, 33-35.  But these statements do not allege Defendants actually violated the law when paying per diem.  *See Mejia*, 2015 WL 3619894; *Johnson*, 758 F.3d 627.

As a matter of law, the regular rate of pay does not include "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer." 29 U.S.C. 207(e)(2).   29 C.F.R. §778.217 explains per diem regulations.  It states, "[w]here an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses.  Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred)."  29 C.F.R. §778.217(a).  To clarify when and how per diem may be tendered, the regulations provide illustrations of expense reimbursements that will not be

8

regarded as part of the employee's regular rate: (1) supplies, tools, materials, or equipment on behalf of the employer; (2) purchasing, laundering or repairing uniforms or special clothing required to be worn by the employer; (3) traveling on employer's business, transportation and living expenses away from home; (4) supper money; (5) expenses associated with reporting to work at a place other than regular workplace.  29 C.F.R. §778.217(b).  The regulations state "only the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate."  29 C.F.R. §778.217(c).  Finally, the regulations provide that payments for expenses that are personal to the employee, *i.e.* for the employee's own benefit such as travel to and from work, buying lunch, paying rent, indeed can be excluded from the regular rate as reimbursement for expenses.  29 C.F.R. §778.217(d).

The Fifth Circuit concludes per diem payments like those at issue here do not violate the FLSA.  For example, *In Berry v. Excel Group, Inc*., 288 F.3d 252 (5th Cir. 2002), the plaintiff was an electrician who lived 100 miles away from his work site and was paid $17 an hour and a per diem amount of $100 a week.  *Id*. at 253.  It was undisputed that the employer offered the same per diem amount to all electrician regardless of where they lived.  *Id*.  The plaintiff brought suit against the employer alleging the FLSA requires the per diem payment be counted as regular pay, rather than reimbursement.  *Id*.  But the district court granted summary judgment in the employer's favor finding the payment of the per diem amount was actually lawful.  The Fifth Circuit affirmed.  *Id*.

Against this backdrop, Plaintiff's allegations are impermissibly vague on the question of how his receipt of per diem violates the FLSA, or why per diem should have been included into his regular rate of pay for the purposes of calculating overtime pay.  Although, Plaintiff

9

conveniently concludes he "did not incur any expenses in furtherance of Defendants' interests during his employment that were properly reimbursable by the Defendants.  *See* 29 U.S.C. § 207(e)(2)."  This allegation is a legal conclusion – not a statement of fact that must be accepted as true for purposes of a Rule 12 motion. R. Doc. 1 at ¶ 33.

By comparison, Plaintiff does not indicate the time period(s) when he supposedly received a "$70.00 daily per diem," whether he always received the same per diem or a different per diem throughout his three-year employment, whether he received a per diem regardless of the work site he reported to, or whether he received a per diem regardless of what expenses he incurred on behalf of his employer.  Plaintiff also does not allege what type of expenses he incurred such as 1) supplies, tools, materials, or equipment; (2) purchasing, laundering or repairing uniforms or special clothing required to be worn; (3) traveling on employer's business, transportation and living expenses away from home; (4) supper money; (5) expenses associated with reporting to work at a place other than regular workplace. 29 C.F.R. §778.217(b).  Plaintiff also does not allege whether he incurred personal expenses for travel to and from work, buying lunch, or paying rent. 29 C.F.R. §778.217(d).

In fact, Plaintiff's conclusory allegations actually refute his legal conclusion that his alleged receipt of per diem was <u>not</u> for any reimbursable expenses under 29 C.F.R. §778.217(b). For example, Plaintiff admits he was hired by Masse and worked at Bollinger's shipyard in Amelia, LA while residing in Morgan City, LA.  *See* R. Doc. 1 ¶¶ 5-7.  Presumably, Plaintiff would have to travel to and from the job site on a daily basis.  29 C.F.R. §778.217(b) (permitting expenses associated with traveling on employer's business, transportation costs, and reporting to work at a place other than regular workplace).  Further, Plaintiff alleges he "[o]n average . . . worked at least sixty-seven hours per week. . . at least seven days per week."  *Id*. at ¶ 32.  To the

10

extent Plaintiff worked these types of extended hours seven days per week, he likely must have had to purchase meals, and that expense likely would have been lawfully reimbursable. *See* 29 C.F.R. §778.217(b) (permitting expenses associated with supper money).

In sum, Plaintiff's allegations regarding Defendants' alleged policy of paying per diem lacks sufficient factual context to allow this Court to conclude a FLSA violation actually occurred. This is why Defendants' Motion to Dismiss should be granted.

> ii.   *Plaintiff failed to allege the time periods at issue and amount of overtime compensation due with sufficient factual specificity.*

Without alleging the specific time period of the appropriate amount of overtime wages allegedly due, Plaintiff's conclusion that he was not paid sufficient overtime fails to meet the requisite pleading standards. To survive a motion to dismiss, a plaintiff asserting a claim for overtime must allege, at a minimum, allege that *in a specific work week*, he worked more than forty hours without being compensated for overtime hours during that particular workweek. Failure to do so falls short of the pleading standard imposed by *Iqbal* and *Twombly* and is fatal to a plaintiff's complaint by virtue of the precedent cited below.[3]

---

[3] *See* Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014); Dejesus v. HF Management Services, LLC, 726 F.3d 85, 89 (2nd Cir. 2013) (allegation that in "some or all weeks [plaintiff] worked more than forty hours a week without being paid 1.5 times her rate of compensation" not sufficient); Lundy v. Catholic Health System of Long Island, Inc., 711 F.3d 106, 114 (2nd Cir. 2013) (affirming dismissal where plaintiff failed to identify a single workweek composed of at least forty hours and uncompensated time in excess of forty hours in that same workweek); Pruell v. Caritas Christi, 678 F.3d 10, 13 (1st Cir. 2012) (allegations were "little more than a paraphrase of the [FLSA] statute" where complaint lacked examples of unpaid time, a description of the work performed during the alleged overtime period, or estimates of the overtime amounts owed); Davis v. Abington Memorial Hospital, 765 F.3d 236, 242 (3rd Cir. 2014) (allegations that plaintiffs worked between thirty-two and forty hours per week but frequently worked "extra time" not sufficient); Coleman v. John Moore Services, Inc., 2014 WL 51290, *2 (S.D. Tex. Jan. 7, 2014) (dismissing allegations that plaintiff worked forty hours during "one or more weeks" and that during "one or more weeks" the employer failed to pay overtime because there was no factual context to allow the court to determine if the plaintiff actually worked uncompensated overtime hours); Fernandez v. JaniKing Int'l, Inc., No. 17-1401, 2018 WL 539364, at *4 (S.D. Tex. Jan. 8, 2018) (dismissing allegations that plaintiff worked more than forty hours in at least one workweek during the three years before the complaint was filed and that they were not paid one and one-half times their regularly hourly rate for those hours; "District Courts generally require plaintiffs to include more than generalized and conclusory allegations that they have worked in excess of forty hours a week.").

PD.24388217.6

In *England v. Administrators of the Tulane Educational Fund*, the complaint alleged the plaintiff "'routinely worked overtime hours and met Tulane's own definition of a full-time employee, averaging over thirty-seven and a half (37.5) hours per week,'" and that "Tulane did, in fact, pay Mr. England some overtime but still owes for numerous hours despite amicable demand.'"  No. 16-3184 at *3, 2016 WL 3902595 (E.D. La. Jul. 19, 2016).  The *England* court found those allegations lacked sufficient specificity, and held:

> These allegations fail to put Defendant on notice of the approximate date ranges and approximate number of hours worked for which Plaintiff claims he was undercompensated. While Plaintiff alleges that he worked for Defendant from 2012 to 2015, he fails to provide specific dates of employment.  Further, Plaintiff does not allege the approximate hours he worked in each work week. Plaintiff claims that Defendant paid some of the required overtime, but he does not allege how much Defendant still owes.

*Id*.

In *Coleman v. John Moore Services, Inc.*, the complaint alleged only that  "[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours" and that during "one or more weeks...Defendant failed to pay Plaintiff" the overtime rate.  2014 WL 51290, at *3.  Like *England*, the *Coleman* court also held "more [was] required of a plaintiff than an 'all purpose pleading template' with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action."  *Id*.  When granting defendant's motion to dismiss, the *Coleman* court determined it was appropriate to require that the complaint contain some "sufficiently developed factual allegations."  *Id*. (*citing Dejesus*, 726 F.3d at 88-91).

Similarly, in *Nichols v. Superior Energy Servs., LLC*, the court held the plaintiff's allegation that "he regularly worked more than 40 hours in a week, that [the employer] knew or should have known this, and that it did not pay overtime for those hours," "are factual but

uninformative" because "[t]hey do not state the pay period, actual or estimated amounts of unpaid time, the nature of the work performed, or other information necessary to state a sufficient basis for a Fair Labor Standards Act unpaid-overtime claim.   More is needed." *Nichols,* No. 17-3871, 2018 WL 2113052, at *3 (S.D. Tex. May 8, 2018).  The same is true here.

As in *England*, *Coleman* and *Nichols*, Plaintiff's allegations for unpaid overtime wages in this case are "uninformative" and "more is needed."  The Complaint alleges "Defendants did not include the $70.00 daily per diem paid to Plaintiff in the calculation of Plaintiff's overtime premium pay."  R. Doc. 1 at ¶ 35.  But Plaintiff does not identify the "pay period, actual or estimated amounts of unpaid time, the nature of the work performed, or other information necessary" to state a FLSA claim.  *Meija*, 2015 WL 3619804, at *6; *Nichols*, 2018 WL 2113052, at *3.  Aside from stating his job title as a pipefitter, Plaintiff provides no information about what work he actually performed or any other facts that may indicate he is actually entitled to include the per diem in his overtime compensation.  Courts routinely dismiss FLSA complaints that make substantially *more detailed* allegations than the conclusion tendered by Plaintiff in this case.[4]  Because Plaintiff's allegations fall below accepted precedent, a similar dismissal should follow here.

---

[4] *See, e.g., Pruell*, 678 F.3d at 14 ("Yet even the amended complaint does not provide examples let alone estimates as to the amounts of such unpaid time for either plaintiff or describe the nature of the work performed…"); *Coleman*, 2014 WL 51290, at *4 ("It is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA … our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations."); *Landers*, 771 F.3d at 646 (upholding dismissal where plaintiff alleged misleading pay scheme and falsified payroll records but failed to allege a single workweek in which plaintiff worked more than forty hours and was not compensated accordingly).

C.      **Plaintiff Has Not Adequately Pleaded a Collective Action Under the Fair Labor Standards Act.**

Plaintiff purports to bring his claims on behalf of himself and others "similarly situated," but proposes two putative classes that are highly generalized, broad, and different:

- **Count I**: The "Amelia Overtime Class" "consisting of all current and former employees of Defendants at the Bollinger Shipyard in Amelia, Louisiana, who are or have been employed by Bollinger, either through Masse or another labor subcontractor, during the three years immediately preceding the filing of this suit as hourly employees and who, during that period, received daily per diem payments and worked in excess of forty hours in any work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek." *Id*. at ¶ 42; and

- **Count II**: The "Masse Overtime Class" "consisting of all current and former employees of Masse who are or have been employed by Masse during the three years immediately preceding the filing of this suit as hourly employees and who, during that period, received daily per diem payments and worked in excess of forty hours in any work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek." *Id*. at ¶ 46.

These broad, generalized descriptions of two different putative classes (including employees of another labor subcontractor) fail to state a claim upon which collective action relief can be granted especially in light of Plaintiff's allegation at paragraph 29 of the Complaint.  *See* R. Doc. 1 at ¶ 29.

There are two requirements to proceed as a collective FLSA action: (1) all plaintiffs must be similarly situated, and (2) a plaintiff must consent in writing to take part in the suit.  *See Wischnewsky v. Coastal Gulf & Int'l, Inc*., 2013 WL 1867119, at *4 (E.D. la. May 2, 2013). Neither is met here.  Although the FLSA does not define "similarly situated," courts have held that plaintiffs must allege facts sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law.  *Id*.  Similarity is substantially infirm in

14

this case because Plaintiff admits that out of 200 laborers, only approximately 50 were hired by Masse, "with the remainder of the workers obtained through other labor subcontractors" who Plaintiff failed to name.  R. Doc. 1 at ¶ 29.  Paragraphs 42 and 46 confirm the putative plaintiffs worked at different locations and for different unidentified labor subcontractors, such that they are <u>not</u> similarly situated.  A collective action complaint under the FLSA must, at a minimum, give the defendant fair notice of the putative class, but the case clearly falls short because there is no similarity between Plaintiff and 150 other people who admitted worked for other employers. *See, Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012); *See also, Flores v. ACT Event Services, Inc.*, 55 F. Supp.3d 928, 940 (N.D. Tex. Oct. 21, 2014).

In *Creech*, the plaintiff purported to bring a FLSA collective action but failed to provide any description or details about other individuals who were allegedly "similarly situated."  *See, Creech*, 2012 WL 4483384, at *3.  The plaintiff did not allege that the other employees were subject to the same pay provisions as the plaintiff; rather, the only allegation made was that the defendants employed "other shift supervisors who worked off the clock without being paid overtime compensation for all hours worked over forty."  *Id*. at *2.  The court dismissed the collective action allegations, reasoning that plaintiff failed to provide a sufficient description of the putative class.  *Id*.; *see also, Flores*, 55 F.Supp.3d at 940 (dismissing FLSA collective action allegations –  "It is not the defendants' responsibility to define the putative class by piecing together factual allegations strewn throughout a complaint; rather, fair notice requires plaintiffs to clearly define the putative collective class.").  This case is similar.

Plaintiff's broad, generalized description of "similarly situated" employees (the majority of which worked for different labor subcontractors) does not withstand *Iqbal* scrutiny and does not give Defendants fair notice of the putative class.  First, Plaintiff has failed to allege whether

all putative class members were paid a per diem, what that per diem was, the conditions for the payment of the per diem, and how the payment of the per diem violated the FLSA.  Next, Plaintiff failed to identify any similarly situated employee among the alleged "200 other laborers at the shipyard in Amelia, Louisiana" who worked more than forty hours in a single workweek and were not compensated accordingly or who were paid a per diem that was not included in their overtime pay.  R. Doc. 1 at ¶ 7.  Then, Plaintiff does not identify the allegedly "similarly situated" employees with any sort of specificity – *i.e.* by job title, division, hours worked, method of pay, whether they also received a per diem, whether they received the same per diem, geographic location, or any other appropriate classification.  Moreover, Plaintiff's allegations in Count I of the "Amelia Overtime Class" reference the alleged pay practices of unnamed other entities and labor subcontractors <u>who are not</u> Masse or Bollinger, but are unidentified.  *See* R. Doc. 1 at ¶ 41.  Finally, these allegations apparently concern at least 150 employees who worked for these other employers.  *See* R. Doc. 1 at ¶ 29.  By comparison, Plaintiff's allegations in Count II of the "Masse Overtime Class" purportedly includes all employees of Masse regardless of the geographic location, job duties, etc.  *See* R. Doc. 1 at ¶ 45.  As a result, Defendants have no notice as to whether these alleged similarly situated employees actually shared Plaintiff's job title or duties, were paid by the same method, or were subject to the same policies and procedures as Plaintiff.   The inadequacies are fatal to the collective action as well as Plaintiff's individual claim.

### D.    Plaintiff Has Not Adequately Pleaded That Bollinger is His Employer

The Complaint also fails to state Bollinger was Plaintiff's employer; rather, Plaintiff admits he was employed by Masse.  *See* R. Doc. 1 at ¶ 6.  For purposes of the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in

16

relation to an employee . . . ."  29 U.S.C.A. § 203(d); *Dupre v. Westlawn Cemeteries, et al.*, No. 13-356, 2013 WL 3730125 at *3 (E.D. La. Jul. 12, 2013).  Courts in the Fifth Circuit employ an "economic reality" test to determine whether an entity is an "employer" for the purposes of the FLSA.  *Id*.  This test considers whether the alleged employer: 1) possessed the power to hire and fire employees; 2) supervised or controlled employee work schedules or conditions of employment; 3) determined the rate or method of payment; and 4) maintained employee records. *Id*.  "While each element need not be present in every case," the entity must have control over at least certain aspects of the employment relationship.  *Gray*, 673 F.3d at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.").  *Id*.

Simply alleging some of the four factors in the economic reality test is insufficient to state a claim under the FLSA.  For example, in *Dupre v. Westlawn Cemeteries*, No. 13-356, 2013 WL 3730125, at *3 (E.D. La. Jul. 11, 2013),  which involved multiple defendants, the complaint did not contain underlying factual allegations addressing the economic reality test vis-à-vis all defendants.  Instead, the plaintiff in *Dupre* only satisfied one part of the test by alleging that the defendant terminated his employment.  *Id*.  The *Dupre* court held the Plaintiff failed to allege any facts concerning the other relevant factors and dismissed the non-justiciable FLSA claims via motion to dismiss.  *Id*.; *see also Orozco v. Plackis*, 757 F.3d 445 (5th Cir. 2014) (holding that individual defendant was not an employer under the FLSA where despite satisfying the first economic reality test factor of having the ability to hire and fire employees, the plaintiff could not prove the other three factors on summary judgment).

17

Conclusory allegations that simply mirror the economic reality test, but allege no facts to support it are also insufficient.  In *Harris v. Ideal Discount Market*, No. 13-4914, 2014 WL 2533406 (E.D. La. Jun. 4, 2014), the court granted the individual defendants' motion to dismiss because that complaint alleged each of the four factors of the economic test in a conclusory fashion.  Specifically, the plaintiff alleged that the individual defendant "is an officer of the Corporate Defendants," "actively manages, supervises and directs the business affairs and operations of the Corporate Defendants," "acts and has acted, directly and indirectly, in the interest of Defendants in relation to their employees" and "is an employer of these employees within the meaning of the Act."  *Id*. at *2.  Just as in this case, that complaint also alleged each of the individual defendants "has or had the power to hire and fire employees . . . supervised or controlled work schedules and/or the conditions of employment of employees . . . could determine the rate or method of payment of employees, and maintained or should have maintained employee records for the employees."  *Id*. at *3.  But the *Harris* court found these allegations insufficient as a matter of law because the plaintiff failed to "provide any underlying facts to support the allegations that the Individual Defendants are 'employers' . . . [r]ather, Plaintiff merely provides a boilerplate recitation of the elements of the economic reality test."  *Id.*

Here, Plaintiff has failed to allege Bollinger is his FLSA employer with appropriate factual support.  As in *Harris*, this Complaint only contains vague, general, and conclusory allegations  including that Bollinger "supervised the day to day work activities of Plaintiff," "determined Plaintiff's work schedule for the employment at issue herein," "maintains an employment file for Plaintiff," and "is an 'employer' within the meaning of FLSA, 29 U.S.C. § 203(d)."  R. Doc. 1 at ¶¶ 21-23, 25, 28.  Meanwhile, Plaintiff alleges he was hired and paid by

18

Masse and that Masse allegedly "subjects its employees to a policy or improperly characterizing regular wages as per diems."  R. Doc. 1 at ¶¶ 6, 29-31.  Plaintiff further alleges Masse provided its employees to Bollinger and "Masse supervised the day to day work activities of Plaintiff," determined Plaintiff's work schedule for the employment at issue herein," "maintains an employment file for Plaintiff."  R. Doc. 1 at ¶¶ 12-15.  These allegations refute the notion that Plaintiff was actually employed by Bollinger.  Indeed, aside from conclusory allegations, the Complaint is devoid of facts addressing the economic reality test and how Bollinger had control of Plaintiff for purposes of FLSA coverage.  The Complaint further fails to allege any facts as to whether Bollinger had the power to hire or fire Plaintiff or determined his pay.  Accordingly, Plaintiff's allegations against Bollinger should be dismissed *with prejudice* because he has failed to allege that Bollinger was his employer.

### E.   Plaintiff's Collective Action Claims in Count I Should Be Dismissed Pursuant to Rule 12(b)(7) for Failure to Join Required Parties Under Rule 19.

Plaintiff alleges he "was hired by Masse Contracting, Inc."  *See* R. Doc. 1 at ¶ 6.  But Plaintiff's allegations in Count I regarding the "Amelia Overtime Class" reference unnamed labor subcontractor(s) who allegedly employed plaintiff and purportedly also violated the FLSA by paying employees an improper per diem amount.  *Id*. at ¶ 42.  If the Court is inclined to allow Plaintiff to seek overtime from entities who were not his employers, then any such labor subcontractor is a necessary party because the disposition of any of the claims against the Defendants in absence of all employers who allegedly share in liability would clearly "impair or impede" their ability to protect their interest and would otherwise cause prejudice to Defendants. Fed. R. Civ. P. 19(a)(1)(A); Fed. R. Civ. P. 19(a)(1)(B)(i).  This matter should not proceed

PD.24388217.6

without all interested parties and, therefore, Plaintiff's collective action claims in Count I should be dismissed under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

     **F.**     **Alternatively, Because Plaintiff's Allegations Are Impermissibly Vague, Plaintiff Should be Ordered to File a More Definite Statement In Accordance with Rule 12(e).**

Defendants incorporate all foregoing arguments *in extenso*.  Plaintiff's conclusory allegations in the Complaint regarding alleged violations of the FLSA by virtue of the per diem payments, the two proposed putative classes, and Bollinger's status as an employer of Plaintiff, are vague and insufficient to place Defendants on notice of his claims.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  If this Court is not inclined to dismiss Plaintiff's claims, then Plaintiff should be ordered to file a more definite statement as to his claims pursuant to Fed. R. Civ. P. 12(e) as follows.  First, Plaintiff should be ordered to file a more definite statement relating to how Defendants' alleged practice of paying per diem violates the FLSA or why the alleged per diem should have been factored into his regular rate of pay for the purposes of calculating his overtime pay including the time periods of when he received per diem, the conditions of his receipt of per diem, the expenses he incurred or didn't incur.  Second, Plaintiff should also be ordered to file a more definite statement relating the approximate date ranges and number of hours worked for which he claims he was undercompensated and his job duties.  Third, Plaintiff should be ordered to file a more definite statement relating to and how members of the two proposed putative class are similarly situated including the identity of other alleged subcontractors, whether Plaintiff actually worked for those unidentified subcontractors, whether all putative class members were paid a per diem, what that per diem was, the conditions for paying per diem, and how the payment of per diem violated the FLSA, and descriptions or details about individuals at the various worksites.  Finally, Plaintiff should be ordered to file a

20

more definite statement relating to Bollinger's status as Plaintiff's employer and the putative class members including the factors under the economic realities test.

## IV.    CONCLUSION

The fact that Plaintiff allegedly received per diem pay does not mean FLSA violation actually occurred.   Plaintiff's vague and conclusory allegations do not explain why per diem compensation was impermissible in this case.   Further, the allegations do not explain how Plaintiff is an adequate representative of approximately 150 individuals who were employed by other entities, or why two different classes can be cumulated here.   So even if Plaintiff could proceed to the merits, the Complaint fails to name or join all necessary parties to the lawsuit.   As such, the Complaint should be dismissed.   Alternatively, Defendants pray the Court would order Plaintiff to file a more definite statement of his claims.

PD.24388217.6

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:       */s/ Brandon E. Davis*
        BRANDON E. DAVIS (#29823)
        REBECCA SHA (#35317)
        365 Canal Street • Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130
        Brandon.Davis@phelps.com
        Rebecca.Sha@phelps.com

**ATTORNEYS FOR NAMED DEFENDANTS, MASSE CONTRACTING, INC. AND BOLLINGER SHIPYARDS, L.L.C.**


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        */s/ Brandon E. Davis*

22